SHALER (BRAMHALL v.). See Case No. 1,805a.

## Case No. 12,701.

In re SHANAHAN et al.

[6 Biss. 39.] [1]

District Court, N. D. Illinois. April, 1874.

BANKRUPTCY — SOLVENT PARTNER — PARTNERSHIP ASSETS—GUARANTOR.

1. A solvent partner has no right to the possession of partnership assets in the hands of an assignee under an adjudication against the remaining members of the firm.

2. A person guarantying the notes of a firm, and contracting for an interest in the firm property after payment of its indebtedness, takes subject to the rights of. the creditors, and the crediting up by the firm to each member of his interest, does not affect the rights of the creditors in the fund in the hands of the assignee.

3. If these guarantied notes are unpaid and proved against the estate, the court will take judicial cognizance of that fact as negativing the solvency of the guarantor.

In bankruptcy.

Dent & Black, for Wm. J. Manning.
McClellan & Hodges, for Assignee.

BLODGETT, District Judge. In the matter of Shanahan & West, I am prepared to dispose this morning of the question raised upon the petition of William J. Manning to have the funds in court paid over to him, and the proceeds in the hands of the assignee ordered into his hands, on the ground that he is the solvent partner of the firm. The petition sets up in substance that Edward Shanahan, James West, and the petitioner, were partners under the firm name of Shanahan & West; that some time in February, 1873, some four months after the partnership was formed, and after Manning had become a member of the firm, and invested with all the rights of an equal owner in the property, Shanahan filed a petition to have the firm adjudged bankrupt; that that petition was subsequently amended so that Manning's name was stricken out, and the petition stood as a petition to have Shanahan & West adjudged bankrupts, they having been former co-partners before Manning became a member of the firm; and that such proceedings were had that Shanahan & West were adjudged bankrupts, Manning being dismissed from the case. He now claims that he is solvent, and that, as the surviving solvent member of the firm, he is entitled to have the assets of the firm delivered over to him for the purpose of closing up the affairs of the firm and paying its debts. The answer of the assignee in bankruptcy of Shanahan & West, sets up in substance that Shanahan & West were co-partners in business in this city for a considerable time prior to the first of January, 1873, and that, as such co-partners, they contracted a large amount of indebtedness; that in the latter part of October, 1872, or first of January, 1873, they took Manning into partnership under an article of agreement by which he was to become an equal partner after the payment of the debts of the firm of Shanahan & West; and the answer then avers that the indebtedness of Shanahan & West still remains unpaid; that they have been adjudicated bankrupts by reason of that indebtedness, and that an assignee is now in the possession of their estate for the purpose of paying their indebtedness. He denies that Manning is solvent, and denies that

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Manning is entitled to the possession of the goods, by reason of anything set up in his petition.

I do not see that the replication raises any material facts. It is. but a reiteration of the oft-repeated allegation that Manning is solvent. Assuming the allegation to be true, for the purpose of this case, the articles of co-partnership between himself and Shanahan & West, provide as follows:

"In consideration that William J. Manning do assume and indorse the notes of the said Shanahan & West, at seventy cents on the dollar, in accordance with the settlement recently made by said firm with their creditors, the said Edward Shanahan and James West hereby agree to give said Manning an equal interest with them in the assets of said Shanahan & West, after paying the indebtedness of said firm."

That is the language and that is the contract by which Manning claims to have acquired the right to have these assets now turned over to him. The very terms of the contract are that he gets no rights except such as shall remain after the payment of these debts. Now the court must take notice that the debts of Shanahan & West remain unpaid. They have been proven in bankruptcy here before the court, in all the forms in which it is necessary for the creditors to represent themselves for the purpose of showing that their debts remain unpaid. It seems to me an assumption on the part of Manning that is totally unwarranted. by the contract, that he has any right to these goods, except subject to the debts of Shanahan & West. Shanahan & West have been adjudged bankrupts, and it seems to me there can be no doubt but that Shanahan & West's contract with Manning for an interest in their goods, even if it had not been so limited by the agreement, must be taken subject to the rights of their creditors in those goods. They could not. in other words. have made a conveyance of one-third interest in those goods to Manning, so as to defeat their creditors of their right to have their pay out of these goods. These goods, therefore, having come into the possession of this court through its proper officer, it seems to me that they, or the proceeds of them, must remain in the hands of the court for distribution to the creditors of Shanahan & West. And it will be a question, perhaps, to be considered hereafter. if any creditor of Shanahan, West & Manning prove a debt, or attempt to prove a debt. as to how far he should be allowed to participate in this fund. But I am not prepared to concede the position taken by the counsel for Manning in this case, that he. because he is the solvent partner. is entitled to the possession of these goods.

I do not think that the case is analogous to that of the decease of the other members of the partnership. although some courts have used the expression that it is the financial death of the partners. The goods form a trust fund for the payment of co-partnership debts, and the party in possession of them, whether he be the assignee of Shanahan & West, or whether he be a solvent partner, is equally bound to execute that trust, and I do not think that the fact that one of the partners of the firm remains solvent while the others are insolvent, would entitle him to take goods out of the possession of the bankrupt court, if they are in its possession. It might be a reason why the solvent partner should not. deliver up goods which he had in his possession at the time that the adjudication was made, because it might be equally his duty to execute the law by applying the proceeds of the goods in his possession to the payment of the debts, but the goods that come into the possession of the court through its proper officer, it seems to me, should remain in the possession of the court for the purpose of executing the trust with which those goods are charged. In this case, however, there is no use in considering that proposition, because Manning took his interest in this stock of goods subject to the debts of this firm. and if the debts absorbed the full amount of the goods, then there was nothing for him to take. He took nothing but the residuum. It is still further urged on his part that, on the first of January, they credited up to each of the partners their respective interests in the firm, and that therefore his rights have become vested. Now this is not a question of bookkeeping. The mere fact that the firm sits down and credits to its respective members their respective interests in the assets of the firm, does not deprive creditors of their rights to be paid out of the funds as an entirety. They cannot separate it by any of the tricks of bookkeeping so as to defeat the rights of creditors, and therefore the assertion in the petition that these goods were credited up on the first of January, one-third respectively to each of these partners, does not prove or tend to prove that Manning acquired any interest as against the creditors of Shanahan & West. The answer in this case shows that the debts of Shanahan & West remained unpaid; these debts were due at the time Manning attempted to acquire an interest in this firm; and it seems so clear to me as not to be open to argument, that until these debts are paid, without reference to the contract, Manning can acquire no right by purchase which will defeat those creditors of their right to have the proceeds of. goods applied to the payment of their claims, whether they are found in Manning's hands. or in the hands of the other bankrupt co-partners. The petition will therefore be dismissed.